E. J. Wood *v.* H. L. Elam, *et als.*

Chancery Practice. *How former decree cannot be attacked.* A purchaser of land sold under a decree to subject it to the satisfaction of an incumbrance held by one who had redeemed it from a purchaser under a former decree, cannot, by petition in the cause under which he became the purchaser, attack the regularity of the proceedings in the former suit. The object of such a petition being to enjoin the collection of the purchase notes in the hands of the Clerk and Master, the relief was properly refused.

FROM WARREN.

Appeal from the Chancery Court. A. S. Marks, Chancellor.

W. E. B. Jones, Burton & Whitson for Wood.

Savage for Elam, *et als.*

Nicholson, C. J., delivered the opinion of the Court.

This is a petition, filed by E. J. Wood, in the case of H. L. and G. C. Elam against L. C. Elam, and others, to enjoin the collection of two notes for $750, executed by him as purchaser of two tracts of land, sold by decree of the Chancery Court at McMinnville, in the case referred to. The lands belonged to the widow and heirs of W. C. Elam, deceased, and were sold to remove an incumbrance of $318 in favor of H. D. Elam, and for partition among the heirs,

after satisfying the incumbrance of H. L. Elam, and the claim to dower of the widow of W. C. Elam, deceased.

Wood prays to have injunction against a threatened judgment by the Clerk and Master on his notes, and to have the title inquired into. He makes several objections to the title, which had already been vested in him, upon confirmation of the sale at which he was a purchaser.

1. He alleges that the widow of W. C. Elam is entitled to dower; that she has never relinquished her right, nor consented to receive compensation out of the proceeds in lieu of dower. This objection is not sustained by the facts. It appears that she had joined in the application for the sale, with the distinct agreement to take compensation in lieu of dower. She has never received compensation, simply because the petitioner has refused to pay the purchase money.

2. He alleges that no proper accounts of the indebtedness of the estate of W. C. Elam has been taken, showing the exhaustion of the personal assets, and the necessity of a sale to pay debts. The bill under which the land was sold, and the petitioner became a purchaser, was not an administrator's bill to pay debts, but a bill by H. L. Elam, who had redeemed the land from a former purchaser, for the benefit of the widow and heirs of W. C. Elam, and he filed the bill for the purpose of subjecting the land to his incumbrance, and the widow and heirs joined, either as complainants or defendants, in asking for the sale, not only to repay

to him the amount advanced for them, but to distribute the residue between the widow in lieu of her dower, and the heirs. It was, therefore, not necessary that any accounts as to the indebtedness of W. C. Elam should be taken. All of its debts had been satisfied by H. L. Elam, when he redeemed the land for the widow and heirs. The amount advanced by him became a debt due to him by the widow and heirs, and was an incumbrance on the land. It was not a debt against the estate of W. C. Elam, and hence his administrator was neither a necessary nor a proper party.

3. It appears that the lands were first sold under a decree of Court, at the instance of the administrator, to pay debts and for partition. Under this decree, the land was sold for cash for a small sum. H. L. Elam, for the heirs, redeemed from the purchaser at that sale. It is now objected, that the proceedings under the bill of the administrator were irregular, and it is alleged, as evidence of this, that the guardian *ad litem*, who represented the minor heirs in that proceeding, was never regularly appointed by the Court, and was never sworn to his answer. That was a suit entirely separate and distinct from the bill under which petitioner became a purchaser, and, therefore, he has no right to inquire into the regularity of that proceeding. The record of that case is not before us, and cannot be now considered.

In the case of H. L. Elam and G. C. Elam against L. C. Elam and others, to which petitioner is a *quasi*

party by becoming a purchaser, it appears that the Court had jurisdiction of the subject matter, and of the parties, and that there are no such defects in the proceedings as render them void, or endanger the validity of petitioner's title.

The Chancellor's decree dismissing the petition was therefore correct, and the same is affirmed, with costs.